UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CEQUENT PERFORMANCE PRODUCTS, INC.,** | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| **PACIFIC RIM INTERNATIONAL, LLC,** | : <br> : <br> : |
| Defendant. | : <br> : |

## COMPLAINT

Plaintiff Cequent Performance Products, Inc., ("Cequent"), for its complaint against defendant Pacific Rim International, LLC, ("Pacific Rim"), alleges upon information and belief as follows:

## INTRODUCTION

1. This is an action for damages and injunctive relief to remedy the infringement by Pacific Rim of United States Patent No. 5,382,109 (the "'109 Patent") that is assigned to and owned by Cequent. The '109 Patent is directed to a coupling device for use in the trailer industry.

## THE PARTIES

2. Cequent is a Delaware corporation having its principal place of business at 47774 Anchor Court West, Plymouth, Michigan 48170, and conducts business in this judicial district.

3. Pacific Rim is an Oregon limited liability company having its principal place of business at 14695 NW Vance Drive, Portland, Oregon 97229, and conducts business in this judicial district.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this controversy concerning patent infringement by virtue of 35 U.S.C. §§ 271 and 281 and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Pacific Rim based on at least the following: (a) Pacific Rim has, as alleged hereafter, offered for sale, shipped and sold products that infringe the '109 Patent into Ohio; (b) Pacific Rim regularly solicits business in Ohio; (c) Pacific Rim engages in a persistent course of conducting business in Ohio; and (d) Pacific Rim derives substantial revenue from goods sold in Ohio.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(b), as Pacific Rim: (a) sells and/or has sold products in this judicial district that infringe the claims of the '109 Patent; (b) regularly solicits business in this judicial district; (c) engages in a persistent course of conduct by conducting business in this judicial district; and (d) derives substantial revenue from goods sold in this judicial district.

## FACTUAL BACKGROUND

7. Since around 1950, Cequent and its predecessors have continually designed, produced, manufactured and marketed a wide array of towing and trailer hitch products and accessories for trailer equipment manufactures, wholesaler-distributors, and retail markets, including a series of trailer couplers.

8. On January 17, 1995, the '109 Patent entitled "Coupling Device" issued. A copy of the '109 Patent is attached as Exhibit A. Cequent is and has been through its predecessors the

owner of all right, title and interest to the '109 Patent, including the right to recover for infringement since the issuance of the '109 Patent.

9. Cequent has not licensed or otherwise granted Pacific Rim any rights under the '109 Patent.

10. Pacific Rim manufactures towing and trailer products. In contrast to Cequent's reputation for product innovation, Pacific Rim has copied many of Cequent's products and offered for sale and sold those copied products in the United States.

11. Pacific Rim manufactures, offers for sale, sells, uses and/or imports trailer couplers in the United States that infringe the '109 Patent.

## PATENT INFRINGEMENT

12. Pacific Rim has been and is now infringing one or more claims of the '109 Patent by making, using, importing, offering for sale, or selling trailer couplers in the United States.

13. Pacific Rim has knowingly infringed the '109 Patent. Pacific Rim's infringement of the '109 Patent has been and continues to be willful and deliberate, and Pacific Rim will continue its infringing activities unless restrained by this Court.

14. Upon information and belief, Pacific Rim's activities were done with an intent to, and in fact did allow Pacific Rim to, derive benefit from use of Cequent's '109 Patent.

15. Pacific Rim has profited and will continue to profit by its infringing activities.

16. Cequent has been damaged by Pacific Rim's infringing activities and will continue to be irreparably injured unless these infringing activities are enjoined by this Court.

**WHEREFORE,** Cequent prays:

A. That this Court enter judgment that Pacific Rim has infringed one or more claims of United States Patent No. 5,382,109;

      B.      That this Court issue a preliminary and permanent injunction enjoining Pacific Rim, its officers, directors, managers, employees, affiliates, agents, representatives, corporate parents and those in privity with Pacific Rim from further infringement of United States Patent No. 5,382,109;

      C.      That this Court award Cequent all of its damages caused by Pacific Rim's acts of infringement, together with interest and costs as provided for under 35 U.S.C. § 284;

      D.      That this Court order an accounting of Pacific Rim's profits arising out of its infringing activities and award Cequent those profits;

      E.      That this Court find Pacific Rim's infringement to be willful and increase the damages to three (3) times the amount found or assessed pursuant to 35 U.S.C. § 284;

      F.      That this Court enter judgment that this case is exceptional and award Cequent their attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

      G.      That Cequent be awarded such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Cequent hereby requests trial by jury of all issues so triable.

DATED:  November 24, 2009            Respectfully submitted,

/David B. Cupar/
David B. Cupar (0071622)
    *dcupar@mcdonaldhopkins.com*
David T. Movius (0070132)
    *dmovius@mcdonaldhopkins.com*
**McDONALD HOPKINS LLC**
600 Superior Avenue, E., Suite 2100
Cleveland, Ohio  44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Attorneys for Plaintiff*
*Cequent Trailer Products, Inc.*